ELSIE J. HASSALL, Respondent, v. CHRISTOPHER J. MOORE and Another, Appellants, and Others, Defendants.— Judgment in favor of the plaintiff on an accounting pursuant to an interlocutory judgment in favor of the plaintiff, based on a breach of a fiduciary duty owing to plaintiff by the defendants as a consequence of the relationship of principal and agent in the carrying on of certain building and real estate operations modified by striking from the judgment the sum of $10,764.06, the interest thereon, amounting to $4,675.18, and the additional allowance of $1,000, and by inserting in place thereof $9,645.05, and adding thereto interest on the latter sum from January 3, 1927, and an additional allowance of five per cent on the foregoing total, in addition to $65.50 costs. As thus modified the judgment is unanimously affirmed, without costs. Credit item 5 should have been allowed to the extent of $1,119.01. The additional allowance should then be computed on the basis of the new amount of the judgment plus interest from January 3, 1927. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ. Settle order on notice.

GRACE T. HAYMAN, Appellant, v. WESTCHESTER ELECTRIC RAILWAY COMPANY, Respondent.— Order denying motion to vacate an order dismissing the complaint affirmed, without costs. No opinion. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.

CECELIA HUNT, Respondent, v. ERNEST ZIMET and Another, Appellants. GEORGE HUNT, Respondent, v. ERNEST ZIMET and Another, Appellants.*— Action to recover damages for personal injuries sustained by plaintiff Cecelia Hunt as the result of a collision between the motor car in which she was riding, operated by defendant Tolano, and the car owned and operated by defendant Zimet; and action by George Hunt, her husband, to recover for loss of services. Order setting aside a verdict in favor of the plaintiff wife, Cecelia Hunt, in the sum of $1,250, and in favor of the plaintiff husband, George Hunt, in the sum of $250, on the ground of inadequacy reversed on the law and the facts, with costs, motion denied, verdict reinstated, and judgment directed to be entered thereon, with costs. The question here is one of proper assessment of damages with liability conceded, and on that phase of the case the jury had presented to it a clear question of fact the determination of which, in our opinion, should not be disturbed. Assuming that the condition of the eye of plaintiff Cecelia Hunt was as testified to by her and her witnesses, there is a substantial basis for the conclusion that it was due to the general processes of infection, entirely dissociated from the accident. The question here presented does not involve the rule that this court hesitates to interfere with the discretion of the trial court in setting aside a verdict for the plaintiff involving the credibility of witnesses. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.